García et al., Demandantes y Apelados, *v.* Cantero
Fernández & Co., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre daños y perjuicios por
libelo.

No. 2161.—Resuelto en junio 11, 1920.

Costas en Reclamación por Libelo.—La sección 7 de la ley de febrero 19, 1902,
para reclamar indemnización por libelo y calumnia no ha sido derogada por
el artículo 327 del Código de Enjuiciamiento Civil según fué enmendado por
la ley 38 de 12 de abril de 1917 para regular la concesión de costas y desem-
bolsos.

Libelo y Calumnia—Desestimación de la Demanda.—La desestimación por si
sola de una demanda en reclamación de daños y perjuicios por libelo no lleva
implícita la apreciación de falta de toda razón derecha para iniciar el litigio.

Id.—Costas.—Para que el Tribunal Supremo pueda declarar que la corte inferior
cometió error o abuso de discreción al no conceder costas al demandado en
una acción de daños y perjuicios por libelo en la cual la demanda fué deses-
timada sin que la corte declarara que fué establecida sin causa justificada,
es preciso que sea sometida a su consideración la evidencia aportada al jui-
cio; la demanda, la contestación y la sentencia por sí solas no son suficien-
tes a tal fin.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. Sarmiento.*

Abogados de los apelados: *Sres. Oller y Rodríguez.*

El Juez Presidente Sr. Hernández, emitió la opinión del
tribunal.

Con fecha doce de mayo de 1919 los consortes Ramón
García y Obdulia O'Kelly presentaron demanda enmendada
ante la Corte de Distrito de San Juan, Sección Primera, con-
tra Cantero, Fernández y Cía. en reclamación de quince mil
dólares en concepto de indemnización de perjuicios que se-
gún alegan les fueron causados por la publicación en *El Im-
parcial,* periódico de la propiedad de los demandados, de
tres sueltos que se copian en la demanda y que envolvían
la falsa imputación de tener establecida los demandantes una
casa escandalosa o dedicada a citas deshonestas.

La corporación demandada admitió la publicación de los
tres sueltos en el periódico aludido, pero negó que contuvie-

ran la imputación que se les atribuye y que por tanto pudieran causar perjuicios a los demandantes.

Celebrado el juicio, la corte, tomando en consideración las alegaciones, pruebas y argumentaciones de las partes declaró sin lugar la demanda por sentencia de 27 de octubre de 1919, por las razones consignadas en la opinión que la sirve de fundamento.

Contra dicha sentencia interpuso la demandada recurso de apelación en cuanto no condena a los demandantes al pago de las costas y gastos y honorarios del abogado de la demandada, y como único motivo para sostener el recurso alega que la corte cometió error infringiendo la sección 7ª. de la ley para autorizar pleitos civiles por daños y perjuicios ocasionados por libelo y calumnia.

La parte apelada niega la existencia de tal error y sostiene además que el texto legal invocado no está actualmente en vigor por haber sido derogado por el artículo 327 del Código de Enjuiciamiento Civil, según ha sido enmendado por la Ley No. 38 de 12 de abril de 1917.

Entendemos que el caso ha de gobernarse por la Ley de 19 de febrero de 1902 para autorizar pleitos civiles por daños y perjuicios ocasionados por libelo y calumnia, y no por el Código de Enjuiciamiento Civil, como ya lo decidimos al resolver el caso de *Saldamando* v. *Valdecilla,* 20 D. P. R. 96.

La sección 7ª. de dicha ley, según la versión castellana del texto·inglés en la parte atinente, dice así:

"Si la sentencia se dictare a favor del demandado y estimare la corte que la acción fué iniciada por el demandante sin haber una causa que la justificare, la sentencia incluirá además de las costas, los honorarios de abogados, los que serán fijados por la corte y no excederán de 150 dólares."

Como se ve por el texto literal del precepto legal transcrito, para que proceda condena de costas con inclusión de honorarios de abogado son indispensables dos condiciones:

*Primera,* que se pronuncie fallo a favor del demandado; y *segunda,* que la corte encuentre que la acción fué iniciada e interpuesta por el demandante sin causa justificada.

La primera condición se ha cumplido en el presente caso, pues la corte dictó sentencia a favor del demandado al declarar sin lugar la demanda, pero falta la segunda condición pues no aparece que la corte encontrara que el demandante iniciara su acción sin causa justificada; y antes por el contrario, al dejar de imponer al demandante las costas con los honorarios de abogado, estimó que el demandante no estaba desprovisto de toda causa o razón para promover su acción. La desestimación de la demanda por sí sola no lleva implícita la apreciación de falta de toda razón derecha para iniciar el litigio.

De todos modos las pruebas practicadas en el juicio son elemento necesario para poder apreciar si la corte inferior cometió error de ley o abuso de discreción dejando de condenar al demandante en las costas y honorarios del abogado de la demandada, y estamos impedidos de examinar dichas pruebas por no habérsenos presentado en forma debida.

Si la corte procedió con error o abuso de discreción ha de determinarse por la totalidad del juicio y no por la demanda, la contestación y la sentencia. *Vivas et al.* v. *Hernaiz, Targa y Cía. et al.,* 24 D. P. R. 836.

Véase nuestra decisión de esta fecha en otro recurso, en el mismo caso y entre las mismas partes.

Es de confirmarse la sentencia apelada en la parte que ha sido recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no tomó parte en la resolución de este caso.